IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MARK DRAHN, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| FIRST NATIONAL COLLECTION BUREAU INC., | : | |
| | : | |
| Defendant. | | |

**COMPLAINT**

Mark Drahn, by his attorney Ray Johnson, for his claims against the Defendant states:

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

III. PARTIES

3. Mark Drahn, is a natural person residing in Des Moines, Iowa.

4. First National Collection Bureau, Inc. does business in Iowa with its principle place of business located in Sparks, Nevada.

## IV. FACTUAL ALLEGATIONS

5. First National Collection Bureau is attempting to collect alleged debts from Drahn, one that allegedly originated from a Capital One Bank account.

6. On June, 8 2011, Drahn's attorney sent a letter to the Defendant informing it of his representation of Drahn on that account and "any other account" Defendant was attempting to collect from him. The letter further indicated that all further communication with Drahn should cease immediately or be directed to his attorney.

7. Despite Drahn's attorney's request to cease all direct communication with Drahn, Defendant continued to contact Drahn including but not limited to a collection letter dated September 13, 2011.

8. Defendant also made one or more collection calls after it knew Drahn was represented by an attorney. Drahn once again informed Defendant he was represented by an attorney. Despite the knowledge of attorney representation, Defendant falsely told Drahn the statute of limitations on his alleged debt in Iowa was ten years rather than the actual limitations period of five years.

## V. FIRST CLAIM FOR RELIEF

9. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Drahn when it was known, or should have been known, that he was being represented by an attorney.

    b. Defendant violated 15 U.S.C. § 1692e by making a false representation the alleged debt was not time barred and that the statute of limitations on the alleged debt was only five years in Iowa.

10. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

11. All facts and allegations of this Complaint are incorporated herein by reference.

12. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    a. Defendant violated Iowa Code § 537.7103(1) (f) by taking or threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

    b. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Drahn when it was known, or should have been known, that he was being represented by an attorney.

    c. Defendant violated Iowa Code § 537.7103(4)(e) by making a false representation the statute of limitations on the alleged debt was ten years and creating the false impression the debt was not time barred.

13. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages.

    B. Statutory damages.

C. Costs and reasonable attorney's fees.

D. For such other relief as the Court deems appropriate in the circumstances.

                                          Respectfully submitted,

                                          _/s/ Ray Johnson_
                                          RAY JOHNSON
                                          AT0004019
                                          Johnson Law Firm
                                          950 Office Park Road
                                          Suite 335
                                          W. Des Moines, Iowa 50265
                                          Phone: (515) 224-7090
                                          Fax:  (515) 222-2656
                                          Johnsonlaw29@aol.com